```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF ALABAMA
                    EASTERN DIVISION


UNITED STATES OF AMERICA      )
                              )
         v.                   )     CR. NO. 3:07cr102-WHA
                              )
JIMMY COLLINS                 )
```

<u>UNITED STATES OF AMERICA'S MOTION
FOR A FINAL ORDER OF FORFEITURE</u>

The United States of America (United States), by its undersigned counsel, respectfully submits the following:

On January 10, 2008, this Court entered a Preliminary Order of Forfeiture ordering defendant Jimmy Collins to forfeit a Mossberg, Model ATR 100, .270 Win. Caliber Rifle, bearing serial number BA007731.

Following entry of an order of forfeiture in a criminal case, the government must publish notice of the order in a manner consistent with the provisions of Title 21, United States Code, Section 853(n)(1) which gives the Attorney General plenary authority to prescribe the manner of such notice. The Attorney General has determined that the provisions of Rule G(4) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims ("Supplemental Rules") should be the manner of such notice.

```
Rule G. Forfeiture Actions In Rem

(4)   Notice.

      (a)   Notice by Publication.

            (i)   When Publication Is Required. A judgment of
                  forfeiture may be entered only if the government
                  has published notice of the action within a
                  reasonable time after filing the complaint or at a
                  time the court orders. But notice need not be
                  published if:

                  (A)   the defendant property is worth less than
                        $1,000 and direct notice is sent under Rule
                        G(4)(b) to every person the government can
                        reasonably identify as a potential claimant;
                        or

                  (B)   the court finds that the cost of publication
                        exceeds the property's value and that other
                        means of notice would satisfy due process.
```

Pursuant to this rule, publication of notice of a criminal order of forfeiture is not required if one of the exceptions in Rule G(4)(a) applies. The Rule provides that no publication is necessary if the property is of *de minimus* value or if the court finds that the cost of publication exceeds the property's value.

The exceptions apply in this case and publication is not required as the firearm is worth less than $1,000 and the cost of publication exceeds its value. Further, the only known potential claimant to the property is the defendant in this action.

Accordingly, the United States respectfully requests that this Court enter a Final Order of Forfeiture as proposed in the attached Order, without the necessity of notice in accordance with Rule G(4).

Defense counsel does not oppose entry of a Final Order of Forfeiture.

Respectfully submitted this 23rd day of January, 2008.

                                      FOR THE UNITED STATES ATTORNEY
                                            LEURA G. CANARY


/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Bar Number: 7068-II58J
Office of the United States Attorney
Middle District of Alabama
131 Clayton Street
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2008, I electronically filed the foregoing Motion for Final Order of Forfeiture and Proposed Final Order of Forfeiture with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


/s/John T. Harmon
John T. Harmon
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:07cr102-WHA |
| | ) | |
| JIMMY COLLINS | ) | |

<u>FINAL ORDER OF FORFEITURE</u>

WHEREAS, on January 10, 2008, this Court entered a Preliminary Order of Forfeiture, forfeiting the following property to the United States:

> a Mossberg, Model ATR 100, .270 Win. Caliber Rifle, bearing serial number BA007731.

WHEREAS, publication of notice was not required pursuant to Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims as the property is of *de minimus* value and publication would exceed the property's value; and,

WHEREAS, the Court finds that defendant Jimmy Collins had an interest in the firearm that is subject to forfeiture pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c). The United States has established the requisite nexus between such firearm in the commission of the violation of Title 18, United States Code, Section 922(g)(1).

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The following firearm is hereby forfeited to the United States pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c):

    a Mossberg, Model ATR 100, .270 Win. Caliber
    Rifle, bearing serial number BA007731.

  2. All right, title and interest to the firearm described above is hereby condemned, forfeited and vested in the United States and shall be disposed of according to law;

  3. The United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and,

  4. The Clerk of the Court shall forward two certified copies of this Order to the United States Attorney's Office.

  SO ORDERED this the \_\_\_\_ day of January, 2008.


              _____
              UNITED STATES DISTRICT JUDGE